## C. B. SIDOWAY *v.* ELLIS F. JONES.

### (*Nashville.* December Term, 1911.)

**ATTORNEY AND CLIENT. Lien of plaintiff's attorney on plaintiff's right of action is confined to plaintiff's compromise, and defendant's voluntary payment of such claim does not subject him to additional liability, when.**

Under the statute (Acts 1899, ch. 243, sec. 1), giving plaintiff's attorney a lien upon plaintiff's right of action, the attorney's sole right is in the plaintiff's right of action, which he may follow into whatever the right of action is merged, but his right is entirely separable from the right of the plaintiff, and he has no direct right against the defendant; and, therefore, where the defendant paid seventy-five dollars to the plaintiff in compromise of the suit, but, upon the objection and refusal of the plaintiff to allow any part of this sum to be appropriated to the payment of the fees of his attorneys, the defendant paid an additional sum of seventy-five dollars into court under agreement for the benefit of plaintiff's attorneys, not as a part of the compromise sum paid to plaintiff in satisfaction of his right of action, but as a recognition and provision for the legal rights of the plaintiff's attorneys, which they might have enforced, if it had not been voluntarily paid, such voluntary payment does not entitle them to a lien enforceable against the defendant, on the theory that the suit was in fact compromised for one hundred and fifty dollars.

Acts cited and construed: Acts 1899, ch. 243, sec. 1.

Cases cited and approved: Railroad v. Wells, 104 Tenn., 707; Tompkins v. Railroad, 112 Tenn., 157.

Sidoway v. Jones.

FROM SUMNER.

Appeal from the Circuit Court of Sumner County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—W. L. COOK, Circuit Judge.

W. A. GUILD, D. B. PURYEAR, and J. W. MURRAY, for plaintiff.

ED. T. SEAY, for defendant.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

On the intervention of W. A. Guild, D. B. Puryear, and J. W. Murray, attorneys.

The plaintiff, Sidoway, brought suit against defendant, Jones, in the circuit court of Sumner county, through the interveners as his attorneys of record, for $10,000 damages for alienating the affections of his wife. Concurrently with the damage suit, the interveners filed a bill in chancery for Sidoway, enjoining the transfer of about $8,000 of defendant's personal property in aid of the suit at law.

Neither case was ever tried, but both cases were compromised by plaintiff and defendant in the follow-

ing way: Defendant procured his attorney to draw up a written agreement, stating the terms of the compromise of the two cases, which provided, in substance, that defendant was to pay to Sidoway the sum of $75, in consideration of which Sidoway was to dismiss the two suits above referred to, and "to pay and discharge all attorney's fees he has incurred in said suits, and release and hold harmless said E. F. Jones from any and all liens by reason thereof." Sidoway objected to that part of the compromise agreement which required him to pay all attorney's fees and exonerate Jones from the attorney's lien. Jones had previously been advised by his attorney that whatever amount he paid to Sidoway in settlement of the suit could be subjected to the payment of the fees of the attorneys of record for Sidoway. For his reason he agreed with Sidoway, upon the latter's objection to the provision of the agreement exonerating Jones from all attorney's liens, that he would pay in court, for the benefit of Sidoway's attorneys, an additional sum of $75. He says that he had been advised by his counsel that he could be required to pay this amount, whether he agreed to do so or not. He also stated that he knew, at the time he paid $75 to Sidoway in settlement of the case, that Sidoway's attorneys would receive no part of the money. In fact, this knowledge, according to Jones, was the inducing cause of his agreeing to pay into court the further sum of $75 for the benefit of the interveners.

The circuit judge found the facts as above set out, and the testimony of the defendant, Jones, sustains

his finding.   He directed that the defendant, Jones, pay into court $75 for the benefit of the interveners.   The court of civil appeals modified the judgment of the circuit judge, and required the defendant to pay into court the sum of $150 for the benefit of the interveners; Judges Hughes and Hall dissenting.

The question for determination is whether the defendant paid to Sidoway $75 only in compromise of the suits between them, or whether the agreement was to pay $150.   Chapter 243, section 1, Acts of 1899, provides as follows:

"Be it enacted by the general assembly of the State of Tenessee that attorneys of record who begin a suit in a court of record in this State shall have a lien upon the plaintiff's right of action from the date of the filing of the suit."

This statute creates a new right in favor of attorneys of record who begin a suit in a court of record in the plaintiff's right of action.   The attorney's right is entirely separable from the right of the plaintiff.   It does not confer upon the attorney any right in the plaintiff's suit.   *Tompkins* v. *Railroad,* 112 Tenn., 157, 72 S. W., 116, 61 L. R. A., 340, 100 Am. St. Rep., 795.

A clear distinction is made between the suit which the attorney begins and the plaintiff's right of action which the suit is brought to enforce.   The plaintiff's right is against the defendant, and the attorney's right is against the plaintiff, and a special property in the nature of a lien is given the attorney in the right of

plaintiff against the defendant. No relation is created between plaintiff's attorney and the defendant, and no right is given plaintiff's attorney against the defendant directly as between them. The attorney's sole right is in the plaintiff's right of action, which he may follow into whatever the right of action is merged. *Railroad* v. *Wells,* 104 Tenn., 707, 59 S. W., 1041.

The foregoing distinctions are clearly recognized in *Tompkins* v. *Railroad* and *Railroad* v. *Wells,* supra. In the latter case the court said:

"Now, as formerly, the plaintiff's right of action is merged in his judgment when one is rendered, and in the compromise when one is made; and the amount specified in the one or in the other is the measure of the defendant's liability."

Plaintiff's attorney's fees are no part of his right of action. As stated above, the lien in favor of the attorney upon the amount realized by the plaintiff is a new right conferred upon the attorney by the statute under consideration. The plaintiff's right against the defendant grows out of the duty which defendant owed to plaintiff and a breach of the duty. They are entirely separable, both in law and in fact.

It cannot be said that the interveners are prejudiced in any way by the agreement of the defendant to pay into court a sum equal to the sum paid Sidoway in compromise of the suit. It does not alter the case that the agreement by defendant to pay $75 for the benefit of the interveners was a part of the compromise contract. Plaintiff and defendant both recognized at the

Sidoway v. Jones.

time that it was no part of the sum to be paid to Sidoway in satisfaction of his right of action. It was merely recognizing and providing for the rights of the interveners. The fact that Sidoway insisted upon this, and Jones agreed to it, cannot confer a new right upon the interveners, nor extend their lien to a fund which is not a part of plaintiff's right of action.

The writ of *certiorari* is allowed, and the judgment of the court of civil appeals is reversed, and that of the circuit judge affirmed